**FILED**
**DECEMBER 14, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| F.A.Y. PROPERTIES, INC., an Illinois corporation </br></br> Plaintiff </br></br> v. </br></br> R.J. REYNOLDS SMOKE SHOP, Inc., a Delaware Corporation, of itself and doing business as MARSHALL MCGEARTY TOBACCO ARTISANS; and R.J. REYNOLDS TOBACCO COMPANY, a North Carolina corporation </br></br> Defendants | Case No. </br></br> **07 C 7045** </br></br> **JUDGE GRADY** </br> **MAGISTRATE JUDGE COX** |

## COMPLAINT

Plaintiff F.A.Y. Properties, Inc. ("F.A.Y. Properties"), by and through its attorneys, Grey, Grey, Grey & Baltz, P.C., for its compliant against defendants R. J. Reynolds Smoke Shop, Inc., of itself and doing business as Marshall McGearty Tobacco Artisans ("R.J. Reynolds Smoke Shop"), and R.J. Reynolds Tobacco Company ("R.J. Reynolds Tobacco"), states as follows:

### COUNT I – BREACH OF CONTRACT BY R.J. REYNOLDS SMOKE SHOP

### The Parties

1.　Plaintiff F.A.Y Properties is and has been at all relevant times a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Illinois.

2.     Defendant R.J. Reynolds Smoke Shop is and has been at all relevant times a corporation organized and existing under the laws of the state of Delaware with its principal place of business in North Carolina.

3.     Defendant R.J. Reynolds Tobacco is and has been at all relevant times a corporation organized and existing under the laws of the state of North Carolina with its principal place of business in North Carolina. R.J. Reynolds Tobacco is and has been at all relevant times the sole shareholder of R.J. Reynolds Smoke Shop.

**Jurisdiction and Venue**

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the plaintiff F.A.Y. Properties and each of the two defendants; and F.A.Y. Properties seeks damages in excess of $75,000.00, exclusive of interest and costs.

5.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) because defendants are obligated to make payment to the plaintiff F.A.Y. Properties in this judicial district, and their omission to make payment in this district constitutes a substantial part of the events giving rise to this action. Venue is also proper in this judicial district because the property that is the subject of the commercial lease at issue is situated in this district.

**Cause of Action**

6.     Between June 22 and June 26, 2006, plaintiff F.A.Y Properties, as lessor ("Lessor"), and R.J. Reynolds Smoke Shop, as lessee ("Lessee"), executed and delivered a retail store lease (the "Lease"), dated as of April 6, 2006, for a term of five years commencing June 1, 2006, for the ground floor store premises (the "Premises") commonly known as 3155 North

Broadway in Chicago, Illinois. A true and accurate copy of the Lease is attached here to as "Exhibit 1."

7. Under the terms set forth in the introductory paragraph of the Lease, the Premises was to be utilized by Lessee for the operation of a retail store that primarily was to sell tobacco products, and also could sell a limited selection of food and beverages, including, among other things, cheese plates, alcoholic drinks, and espresso drinks.

8. Counsel for R.J. Reynolds Smoke Shop repudiated the Lease, on behalf of R.J. Reynolds Smoke Shop, in a letter dated November 1, 2006. A true and accurate copy of said letter dated November 1, 2006 is attached hereto as "Exhibit 2."

9. While defendants' letter of November 1, 2006 purported to invoke a termination clause under Section 21 of the Lease by claiming that Lessor failed to tender possession of the Premises to Lessee, defendant R.J. Reynolds Smoke Shop had no contractual right to repudiate or terminate the Lease under said Section 21, or otherwise.

10. Section 21 of the Lease states in significant part as follows:

> For purposes of this Lease, Lessor shall be deemed to have tendered possession of the Premises to Lessee … upon giving Lessee or a representative of Lessee written notice that Lessor is prepared to give possession of the Premises to Lessee; *provided*, *however*, that in any event, Lessor need not give Lessee physical possession of the Premises unless and until Lessee shall have furnished to Lessor evidence reasonably satisfactory to Lessor of Lessee's compliance with all of Lessees insurance requirements hereunder.

11. On at least three occasions between June of 2006 and September of 2006, counsel for F.A.Y. Properties tendered possession of the Premises to Lessee, within the meaning of Section 21(a) of the Lease, by giving written notice to various representatives of R. J. Reynolds Smoke Shop that Lessor was prepared to give possession of the Premises to R. J. Reynolds Smoke Shop once R.J. Reynolds Smoke Shop furnished evidence reasonably satisfactory to

F.A.Y. Properties, as Lessor, of Lessee's compliance with Lessee's insurance requirements under the Lease.

12.　　Lessee's insurance requirements are set forth in Section 26 of the Lease, which states in significant part as follows:

> (a)　　Lessee, at Lessee's expense, shall purchase and maintain insurance during the term hereof for the benefit of Lessor, General Auto Service Station, LLC (which is the sole beneficial owner of the property for which Lessor is acting as nominee/agent hereunder), Malet Realty, Ltd. (or any successor managing agent for the Property), any mortgagee(s) for the Property, and their respective agents, employees, nominees, successors, and assigns (as their respective interests may appear) (the "Insured Parties"), and for the benefit of Lessee, with terms and coverages, and in companies, that are satisfactory to Lessor…

13.　　While some insurance coverage information was provided to F.A.Y. Properties by R.J. Reynolds Smoke Shop, at no time did R.J. Reynolds Smoke Shop ever furnish to F.A.Y. Properties evidence reasonably satisfactory to Lessor of Lessee's compliance with all of Lessee's insurance requirements under the Lease, including, but not limited to, evidence that Lessee had secured insurance coverage at the Premises making the Lessor itself, F.A.Y. Properties, Inc., an insured party.

14.　　Due to Lessee's failure to furnish to Lessor reasonable evidence of various insurance coverages required under the terms of the Lease, F.A.Y. Properties never gave physical possession of the Premises to R. J. Reynolds Smoke Shop.

15.　　F.A.Y. Properties, as Lessor, performed all of its duties at all times under the Lease.

16.　　On or about November 3, 2006, counsel for F.A.Y. Properties wrote counsel for Lessee stating, among other things, that:

> As a consequence of Lessee's failure to satisfy the conditions necessary for Lessee to obtain physical possession of the Premises, coupled with Lessee's

4

> unequivocal repudiation of the Lease as set forth in your Letter [dated November 1, 2006], Lessee is now in material breach of the Lease…
>
> \*          \*          \*
>
> Nevertheless, it is Lessor's hope that Lessee will promptly reconsider its course of action in respect of the Lease, as Lessor would still like Lessee to be its tenant under the terms of the Lease, and to occupy the Premises and successfully operate its business there.  To that end, Lessor is now willing to consider Lessee as a tenant in good standing under the terms of the Lease if, before Lessor commits to relet the Premises, Lessee reasonably satisfies Lessor that Lessee is in compliance with its obligations under the Lease, particularly with respect to the insurance requirements…

A true and accurate copy of said letter dated November 3, 2006 is attached hereto as "Exhibit 3." Lessee, however, thereafter provided no further insurance coverage information to Lessor, F.A.Y. Properties.

17.     Under the terms of the Lease, monthly base rent was not due for any period prior to September 1, 2006.  R.J. Reynolds Smoke Shop paid F.A.Y. Properties base rent of $9,000.00 for each of the months of September, October and November of 2006, a total of $27,000.00, pursuant to Section 19 (a) of the Lease.  Thereafter, no additional rents were paid under the Lease.

18.     The repudiation of the Lease by R.J. Reynolds Smoke Shop as set forth in the letter attached hereto as Exhibit 2, the failure of R.J. Reynolds Smoke Shop to continue to make rent payments under the Lease, and the failure of R.J. Reynolds Smoke Shop otherwise to comply with various insurance and other requirements under the Lease, each constitute material breaches of the Lease entitling F.A.Y. Properties to damages.

19.     In an effort to mitigate its damages, F.A.Y. Properties:  a) retained the real estate brokerage firm of CB Richard Ellis in November of 2006 to market the Premises for reletting and has continued to work with CB Richard Ellis in an ongoing effort to relet the Premises; and

5

b) has undertaken certain physical modifications in the Premises designed to facilitate reletting. To date, however, the Premises have not been relet.

20.   Through December 10, 2007, R.J. Reynolds Smoke Shop owes plaintiff F.A.Y. Properties thirteen months of unpaid base rent in the sum of $118,890.00, exclusive of interest and late charges as set forth under the terms of the Lease.

21.   Through December 14, 2007, R.J. Reynolds Smoke Shop owes plaintiff F.A.Y. Properties unpaid real estate tax rent under the Lease in the sum of $3,937.24.

22.   Through December 14, 2007, R.J. Reynolds Smoke Shop owes plaintiff F.A.Y. Properties unpaid insurance rent under the Lease in the sum of $204.00.

23.   F.A.Y. Properties also has incurred various other costs in its efforts to relet the Premises, as well as various maintenance and utility costs at the Premises, as a direct and proximate result of Lessee's repudiation and other breaches of the Lease.

WHEREFORE, F.A.Y. Properties demands judgment in its favor and against R.J. Reynolds Smoke Shop as follows:

    A.   Judgment in an amount equivalent to all unpaid rent due and owing under the Lease accrued through and including the date that judgment is entered, pursuant to the terms of the Lease;

    B.   Judgment in an amount equivalent to all late fees and interest as has accrued through and including the date that judgment is entered, pursuant to the terms of the Lease;

    C.   Attorneys fees and related costs of litigation;

    D.   Judgment in an amount equivalent to all utility and maintenance costs, and costs incurred in attempting to relet the Premises; and

      E.      Any other relief that this court deems just and proper.

## COUNT II – ACTION ON GUARANTY OF R.J. REYNOLDS TOBACCO

24. Plaintiff F.A.Y. Properties restates and realleges numerical paragraphs 1-23 of Count I of this complaint as though fully set forth herein.

25. Contemporaneously with the execution of the Lease, and in consideration of F.A.Y. Properties entering into the Lease, R.J. Reynolds Tobacco executed a guaranty ("Guaranty") of the obligations of Lessee R.J. Reynolds Smoke Shop under the Lease.

26. A complete and accurate copy of the Guaranty is attached to the Lease, and is included in Exhibit 1 attached hereto.

27. Under the express terms of the Guaranty, defendant R.J. Reynolds Tobacco, (i) guaranteed the payment and collection of all rents and other sums required to be paid by the Lessee under the Lease, (ii) guaranteed the performance by the Lessee of all the terms, conditions, covenants and agreements applicable to Lessee under the Lease, and (iii) obligated itself to pay all of the Lessor's reasonable expenses, including, without limitation, reasonable attorneys' fees and costs, as may be incurred by the Lessor in enforcing the obligations of the Lessee and as may be incurred by the Lessor in enforcing the Guaranty.

WHEREFORE, F.A.Y. Properties demands judgment in its favor and against R.J. Reynolds Tobacco as follows:

      A.      Judgment in an amount equivalent to all unpaid rent due and owing under the Lease accrued through and including the date that judgment is entered, pursuant to the terms of the Lease;

B. Judgment in an amount equivalent to all late fees and interest as has accrued through and including the date that judgment is entered, pursuant to the terms of the Lease;

C. Attorneys fees and related costs of litigation;

D. Judgment in an amount equivalent to all utility and maintenance costs, and costs in attempting to relet the Premises; and

E. Any other relief that this court deems just and proper.

Respectfully submitted,

___s/ Thomas E. Baltz_____
Thomas E. Baltz #623239
GREY, GREY & BALTZ, P.C
Counsel for Plaintiff F.A.Y. Properties, Inc.
11 South LaSalle, Ste. 1320
Chicago, IL 60603
(312) 782-2610