# GREY, GREY & BALTZ, P.C.

ATTORNEYS AT LAW

11 SOUTH LASALLE STREET - SUITE 1320
CHICAGO, ILLINOIS 60603-1226
PHONE (312) 782-2610
FAX (312) 782-7306

NATHANIEL I. GREY
JORDAN A. GREY
THOMAS E. BALTZ

ngrey@greyfirm.com
jgrey@greyfirm.com
tbaltz@greyfirm.com

November 3, 2006

Mr. Christopher J. Esbrook
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

RE: Store Lease Dated as of April 6, 2006 (the "Lease"), between F.A.Y. Properties, Inc. ("Lessor") and R. J. Reynolds Smoke Shop, Inc., of Itself and Doing Business as Marshall McGearty Tobacco Artisans ("Lessee"), for the Ground Floor Store Premises at 3155 North Broadway Avenue, Chicago, Illinois (the "Premises")

Dear Mr. Esbrook:

I am in receipt of your letter dated November 1, 2006 ("Your Letter"), in which you impliedly represent that you have been retained as legal counsel for Lessee and Lessee's parent, R. J. Reynolds Tobacco Company. Lessor hereby acknowledges that, by virtue of Your Letter, Lessee has repudiated the Lease, and thereby has repudiated any rights of Lessee thereunder to hereafter obtain actual possession of the Premises. Nevertheless, for reasons stated below, your attempt to terminate the Lease on Lessee's behalf is not effective, and Lessee remains liable to Lessor under the terms of the Lease.

Contrary to Your Letter, Lessee has not complied with its insurance obligations under the Lease. Your assertion that, "to the extent commercially possible, R. J. Reynolds has tendered insurance certificates that comply with Section 26 of the Store Lease" is factually incorrect. For reasons set forth in detail in prior correspondence from our office to representatives of Lessee, the insurance certificates heretofore provided to Lessor by Lessee have failed to evidence Lessee's compliance with its obligation to secure insurance coverages required under the Lease in many basic respects. In our experience, such insurance coverages are readily available for business tenants in the commercial insurance marketplace.

Your assertion that Lessor failed to tender possession of the Premises as required by Section 21 of the Lease is also factually incorrect. In June, July and September of 2006, I tendered possession of the Premises on behalf of Lessor to Lessee in accordance with the specific provisions of Section 21(a) of the Lease, by providing written notice to various representatives of Lessee stating that Lessor was prepared to surrender possession of the Premises to Lessee once Lessee furnishes to Lessor evidence reasonably satisfactory to Lessor of

EXHIBIT 3

07 C 7045

Mr. Christopher J. Esbrook
November 3, 2006
Page 2

Lessee's compliance with Lessee's insurance requirements under the Lease. Lessee, therefore, never obtained the right to terminate the Lease which you purported to invoke on its behalf in Your Letter.

As a consequence of Lessee's failure to satisfy the conditions necessary for Lessee to obtain physical possession of the Premises, coupled with Lessee's unequivocal repudiation of the Lease as set forth in your Letter, Lessee is now in material breach of the Lease. Lessee is not entitled to any refund of rents or other amounts paid by Lessee as claimed in Your Letter. Rather, in light of Lessee's repudiation of the Lease, Lessor intends to promptly begin seeking to relet the Premises in an effort to mitigate the damages resulting from Lessee's breach of the Lease. Lessee will be accountable to Lessor for all such damages, including, without limitation, any loss of rents, additional brokerage fees and leasing concessions made by Lessor to relet the Premises, and any incidental costs and attorneys' fees incurred by Lessor in this effort. Lessee will be further accountable for the benefits that will be lost due to Lessee's failure to improve the Premises as required of it under Section 24(a) of the Lease.

Nevertheless, it is Lessor's hope that Lessee will promptly reconsider its course of action in respect of the Lease, as Lessor would still like Lessee to be its tenant under the terms of the Lease, and to occupy the Premises and successfully operate its business there. To that end, Lessor is now willing to consider Lessee as a tenant in good standing under the terms of the Lease if, before Lessor commits to relet the Premises, Lessee reasonably satisfies Lessor that Lessee is in compliance with its obligations under the Lease, particularly with respect to the insurance requirements and the provisions of the Lease prohibiting Lessee from subletting the Premises or otherwise permitting the use or occupancy of the Premises by anyone other than Lessee without Lessor's prior written consent (which would not be unreasonably withheld or delayed by Lessor).

Please advise me promptly if Lessee wishes to so proceed. Otherwise, Lessor will pursue finding another suitable tenant for the Premises as outlined herein.

Sincerely,

GREY, GREY & BALTZ, P.C.
Attorneys for F.A.Y. Properties, Inc.

By *Jordan Grey*
Jordan A. Grey

JAG:ma

cc:  Mr. Thomas E. Baltz
     Mr. Nathaniel I. Grey