**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| F.A.Y. PROPERTIES, INC., an Illinois corporation,<br><br>            Plaintiff/Counterdefendant.<br><br>vs.<br><br>R.J. REYNOLDS SMOKE SHOP, Inc. a Delaware Corporation, of itself and doing business as MARSHALL MCGEARTY TOBACCO ARTISANS; and R.J. REYNOLDS TOBACCO COMPANY, a North Carolina Corporation,<br><br>            Defendants/Counterplaintiffs. | Case No. 07 C 7045<br><br>Judge Grady<br><br>Magistrate Judge Cox |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEFENDANTS/COUNTERPLAINTIFFS' COUNTERCLAIM**

NOW COMES R.J. REYNOLDS SMOKE SHOP, Inc. a Delaware corporation, of itself and doing business as MARSHALL MCGEARTY TOBACCO ARTISANS; and R.J. REYNOLDS TOBACCO COMPANY, a North Carolina corporation (collectively "R.J. Reynolds"), by and through its attorneys, in answer to F.A.Y. PROPERTIES, INC., plaintiff's complaint states as follows:

**COUNT I - BREACH OF CONTRACT BY R.J. REYNOLDS SMOKE SHOP**

**The Parties**

**Complaint Paragraph 1:** Plaintiff F.A.Y. Properties is and has been at all relevant times a corporation organized and existing under the laws of the states of Illinois with its principal place of business in Illinois.

**ANSWER:** R.J. Reynolds lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1.

**Complaint Paragraph 2:** Defendant R.J. Reynolds Smoke Shop is and has been at all relevant times a corporation organized and existing under the laws of the states of Delaware with its principal place of business in North Carolina.

**ANSWER:**  R.J. Reynolds admits the allegations contained in Paragraph 2.

**Complaint Paragraph 3:**  Defendant R.J. Reynolds Tobacco is and has been at all relevant times a corporation organized and existing under the laws of the states of North Carolina with its principal place of business in North Carolina.  R.J. Reynolds Tobacco is and has been at all relevant times the sole shareholder of R.J. Reynolds Smoke Shop.

**ANSWER:**  R.J. Reynolds admits the allegations contained in Paragraph 3.

## Jurisdiction and Venue

**Complaint Paragraph 4:**  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the plaintiff F.A.Y. Properties and each of the two defendants; and F.A.Y. Properties seeks damages in excess of $75,000.00, exclusive of interest and costs.

**ANSWER:**  R.J. Reynolds admits the allegations contained in Paragraph 4, and denies that F.A.Y. is entitled to any damages at law or in equity.

**Complaint Paragraph 5:**  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) because defendants are obligated to make payment to the plaintiff F.A.Y. Properties in this judicial district, and their omission to make payment in this district constitutes a substantial part of the events giving rise to this action.  Venue is also proper in this judicial district because the property that is the subject of the commercial lease at issue is situated in this district.

**ANSWER:**  R.J. Reynolds admits that venue is proper in the Northern District of Illinois but denies the remaining allegations contained in Paragraph 5.

## Cause of Action

**Complaint Paragraph 6:**  Between June 22 and 26, 2006, plaintiff F.A.Y. Properties, as lessor ("Lessor"), and R.J. Reynolds Smoke Shop, as lessee ("Lessee"), executed and delivered a retail store lease (the "Lease"), dated as of April 6, 2006, for a term of five years commencing June 1, 2006, for the ground floor store Premises (the "Premises") commonly known as 3155 North Broadway in Chicago, Illinois.  A true and accurate copy of the lease is attached here to as "Exhibit 1."

**ANSWER:**   R.J. Reynolds states that the Lease speaks for itself and denies any allegations contained in Paragraph 6 inconsistent with that document.

**Complaint Paragraph 7:**  Under the terms set forth in the introductory Paragraph of the Lease, the Premises was to be utilized by Lessee for the operation of a retail store that primarily

was to sell tobacco products, and also could sell a limited selection of food and beverages, including, among other things, cheese plates, alcoholic drinks, and espresso drinks.

**ANSWER:** R.J. Reynolds states that the Lease speaks for itself and denies any allegations contained in Paragraph 7 inconsistent with that document.

**Complaint Paragraph 8:** Counsel for R.J. Reynolds Smoke Shop repudiated the Lease, on behalf of R.J. Reynolds Smoke Shop, in a letter dated November 1, 2006. A true and accurate copy of said letter dated November 1, 2006 is attached hereto as "Exhibit 2."

**ANSWER:** R.J. Reynolds admits that it legally and validly terminated the Lease on November 1, 2006, after Plaintiff failed to tender possession of the Premises by September 15, 2006, as required under Section 21 of the lease, R.J. Reynolds denies the remaining allegations.

**Complaint Paragraph 9:** While defendants' letter of November 1, 2006 purported to invoke a termination clause under Section 21 of the Lease by claiming that Lessor failed to tender possession of the Premises to Lessee, defendant R.J. Reynolds Smoke Shop had no contractual right to repudiate or terminate the Lease under said Section 21, or otherwise.

**ANSWER:** R.J. Reynolds denies the allegations contained in Paragraph 9 and further states that it legally and validly terminated the Lease on November 1, 2006, after Plaintiff failed to tender possession of the Premises by September 15, 2006, as required under Section 21 of the lease.

**Complaint Paragraph 10:** Section 21 of the Lease states in significant part as follows:

> For purposes of this Lease, Lessor shall be deemed to have tendered possession of the Premises to Lessee … upon giving Lessee or a representative of Lessee written notice that Lessor is prepared to give possession of the Premises to Lessee; *provided, however,* that in any event, Lessor need not give Lessee physical possession of the Premises unless and until Lessee shall have furnished to Lessor evidence reasonably satisfactory to Lessor of Lessee's compliance with all of Lessees insurance requirements hereunder.

**ANSWER:** R.J. Reynolds states that the Lease speaks for itself and denies any allegations contained in Paragraph 6 inconsistent with that document.

**Complaint Paragraph 11:** On at least three occasions between June of 2006 and September of 2006, counsel for F.A.Y. Properties tendered possession of the Premises to Lessee, within the meaning of Section 21(a) of the Lease, by giving written notice to various

representatives of R.J. Reynolds Smoke Shop that Lessor was prepared to give possession of the Premises to R.J. Reynolds Smoke Shop once R.J. Reynolds Smoke Shop furnished evidence reasonably satisfactory to F.A.Y. Properties, as Lessor, of Lessee's compliance with Lessee's insurance requirements under the Lease.

**ANSWER:** R.J. Reynolds denies the allegations contained in Paragraph 11.

**Complaint Paragraph 12:** Lessee's insurance requirements are set forth in Section 26 of the Lease, which states in significant part as follows:

> (a)    Lessee, at Lessee's expense, shall purchase and maintain insurance during the term hereof for the benefit of Lessor, General Auto Service Station, LLC (which is the sole beneficial owner of the property for which Lessor is acting as nominee/agent hereunder), Malet Realty, Ltd. (or any successor managing agent for the Property), any mortgagee(s) for the Property, and their respective agents, employees, nominees, successors, and assigns (as their respective interest may appear) (the "Insured Parties"), and for the benefit of Lessee, with terms and coverages, and in companies, that are satisfactory to Lessor.

**ANSWER:** R.J. Reynolds states that the Lease speaks for itself and denies any allegations contained in Paragraph 12 inconsistent with that document.

**Complaint Paragraph 13:** While some insurance coverage information was provided to F.A.Y. Properties by R.J. Reynolds Smoke Shop, at no time did R.J. Reynolds Smoke Shop ever furnish to F.A.Y. Properties evidence reasonably satisfactory to Lessor of Lessee's compliance with all of Lessee's insurance requirements under the Lease, including, but not limited to, evidence that Lessee had secured insurance coverage at the Premises making the Lessor itself, F.A.Y. Properties, Inc., an insured party.

**ANSWER:** R.J. Reynolds denies the allegations in Paragraph 13.

**Complaint Paragraph 14:** Due to Lessee's failure to furnish to Lessor reasonable evidence of various insurance coverages required under the terms of the Lease, F.A.Y. Properties never gave physical possession of the Premises to R.J. Reynolds Smoke Shop.

**ANSWER:** R.J. Reynolds denies the allegations contained in Paragraph 14 and states that Plaintiff failed to tender possession of the Premises by September 15, 2006 as required by Section 21 of the Lease.

**Complaint Paragraph 15:** F.A.Y. Properties as Lessor, performed all of its duties at all times under the Lease.

**ANSWER:**  R.J. Reynolds denies the allegations contained in Paragraph 15 and states that Plaintiff failed to tender possession of the Premises by September 15, 2006 as was its duty under Section 21 of the Lease.

**Complaint Paragraph 16:**  On or about November 3, 2006, counsel for F.A.Y. Properties wrote counsel for Lessee stating, among other things, that:

> As a consequence of Lessee's failure to satisfy the conditions necessary for Lessee to obtain physical possession of the Premises, coupled with Lessee's unequivocal repudiation of the Lease as set forth in your Letter [dated November 1, 2006], Lessee is now in material breach of the Lease…
>
> Nevertheless, it is Lessor's hope that Lessee will promptly reconsider its course of action in respect of the Lease, as Lessor would still like Lessee to be its tenant under the terms of the Lease, and to occupy the Premises and successfully operate its business there.  To that end, Lessor is now willing to consider Lessee as a tenant in good standing under the terms of the Lease if, before Lessor commits to relet the Premises, Lessee reasonably satisfies Lessor that Lessee is in compliance with its obligations under the Lease, particularly with respect to the insurance requirements…

A true and accurate copy of said letter dated November 3, 2006 is attached here to as "Exhibit 3."  Lessee, however, thereafter provided no further insurance coverage information to Lessor, F.A.Y. Properties.

**ANSWER:**  R.J. Reynolds states that the November 3, 2006 letter speaks for itself and denies any allegations contained in Paragraph 16 inconsistent with that document.

**Complaint Paragraph 17:**  Under the terms of the Lease, monthly base rent was not due for any period prior to September 1, 2006.  R.J. Reynolds Smoke Shop paid F.A.Y. Properties a base rent of $9,000.00 for each of the months of September, October and November of 2006, a total of $27,000.00, pursuant to Section 19 (a) of the Lease.  Thereafter, no additional rents were paid under the Lease.

**ANSWER:**  R.J. Reynolds states that the Lease speaks for itself and denies any allegations contained in Paragraph 17 inconsistent with that document.  R.J. Reynolds additionally admits that R.J. Smoke Shop paid Plaintiff a base rent of $9,000.00 for each of the months of September, October and November of 2006.  R.J. Reynolds states that although

5

Plaintiff collected these rents, Plaintiff failed to tender possession of the Premises to Defendants despite Plaintiff's duty to do so under the Lease.

**Complaint Paragraph 18:** The repudiation of the Lease by R.J. Reynolds Smoke Shop as set forth in the letter attached hereto as Exhibit 2, the failure of R.J. Reynolds Smoke Shop to continue to make rent payments under the Lease, and the failure of R.J. Reynolds Smoke Shop otherwise to comply with various insurance and other requirements under the Lease, each constitute material breaches of the Lease entitling F.A.Y. Properties to damages.

**ANSWER:** R.J. Reynolds denies the allegations contained in Paragraph 18. R.J. Reynolds states that it legally and validly terminated the Lease because Plaintiff failed to tender possession of the Premises by September 15, 2006, as was its duty under Section 21 of the Lease.

**Complaint Paragraph 19:** In an effort to mitigate its damages, F.A.Y. Properties: (a) retained the real estates brokerage firm of CB Richard Ellis in November of 2006 to market the Premises for reletting and has continued to work with CB Richard Ellis in an ongoing effort to relet the Premises, and (b) has undertaken certain physical modifications in the Premises designed to facilitate reletting. To date, however, the Premises have not been relet.

**ANSWER:** R.J. Reynolds lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19.

**Complaint Paragraph 20:** Through December 10, 2007, R.J. Reynolds Smoke Shop owes plaintiff F.A.Y. Properties thirteen months of unpaid base rent in the sum of $118,890.00, exclusive of interest and late charges as set forth under the terms of the Lease.

**ANSWER:** R.J. Reynolds denies the allegations contained in Paragraph 20 and states that it validly and legally terminated the Lease on November 1, 2006.

**Complaint Paragraph 21:** Through December 14, 2007, R.J. Reynolds Smoke Shop owes plaintiff F.A.Y. Properties unpaid real estates tax rent under the Lease in the sum of $3,937.24.

**ANSWER:** R.J. Reynolds denies the allegations contained in Paragraph 21 and states that it validly and legally terminated the Lease on November 1, 2006.

**Complaint Paragraph 22:** Through December 14, 2007, R.J. Reynolds Smoke Shop owes plaintiff F.A.Y. Properties unpaid insurance rent under the Lease in the sum of $204.00.

**ANSWER:** R.J. Reynolds denies the allegations contained in Paragraph 22 and states that it validly and legally terminated the Lease on November 1, 2006.

**Complaint Paragraph 23:** F.A.Y. Properties also has incurred various other costs in its efforts to relet the Premises, as well as various maintenance and utility costs at the Premises, as a direct and proximate result of Lessee's repudiation and other breaches of the Lease.

**ANSWER:** R.J. Reynolds denies the allegations contained in Paragraph 23 and states that it validly and legally terminated the Lease on November 1, 2006.

WHEREFORE, F.A.Y. Properties demands judgment in its favor and against R.J. Reynolds Smoke Shop as follows:

A. Judgment in an amount equivalent to all unpaid rent due and owing under the Lease accrued through and including the date that judgment is entered, pursuant to the terms of the Lease;

B. Judgment in an amount equivalent to all late fees and interest as has accrued through and including the date that judgment is entered, pursuant to the terms of the Lease;

C. Attorneys fees and related costs of litigation;

D. Judgment in an amount equivalent to all utility and maintenance costs, and costs incurred in attempting to relet the Premises; and

E. Any other relief that this court deems just and proper.

**ANSWER:** In answer to the unnumbered WHEREFORE Paragraph, R.J. Reynolds denies that Plaintiff is entitled to the relief therein requested or to any other relief from R.J. Reynolds.

### COUNT II - ACTION ON GUARANTY OF R.J. REYNOLDS TOBACCO

**Complaint Paragraph 24:** Plaintiff F.A.Y. Properties restates and realleges numerical Paragraphs 1-23 of Count I of this complaint as though fully set forth herein.

**ANSWER:** R.J. Reynolds repeats and incorporates its answers to the allegations set forth in Paragraphs 1 through 23 of this complaint.

**Complaint Paragraph 25:** Contemporaneously with the execution of the Lease, and in consideration of F.A.Y. Properties entering into the Lease, R.J. Reynolds Tobacco executed a guaranty ("Guaranty") of the obligations of Lessee R.J. Reynolds Smoke Shop under the Lease.

**ANSWER:** R.J. Reynolds states that the Guaranty speaks for itself and denies any allegation in Paragraph 25 that is inconsistent with that document.

**Complaint Paragraph 26:** A complete and accurate copy of the Guaranty is attached to the Lease, and is included in Exhibit 1 attached hereto.

**ANSWER:** R.J. Reynolds states that the Guaranty speaks for itself and denies any allegation in Paragraph 26 that is inconsistent with that document.

**Complaint Paragraph 27:** Under the express terms of the Guaranty, defendant R.J. Reynolds Tobacco, (i) guaranteed the payment and collection of all rents and other sums required to be paid by the Lessee under the Lease, (ii) guaranteed the performance by the Lessee of all the terms, conditions, covenants and agreements applicable to Lessee under the Lease, and (iii) obligated itself to pay all of the Lessor's reasonable expenses, including, without limitation, reasonable attorneys' fees and costs, as may be incurred by the Lessor in enforcing the obligations of the Lessee and may be incurred by the Lessor in enforcing the Guaranty.

**ANSWER:** R.J. Reynolds states that the Guaranty speaks for itself and denies any allegation in Paragraph 27 that is inconsistent with that document.

WHEREFORE, F.A.Y. Properties demands judgment in its favor and against R.J. Reynolds Smoke Shop as follows:

- A. Judgment in an amount equivalent to all unpaid rent due and owing under the Lease accrued through and including the date that judgment is entered, pursuant to the terms of the Lease;

- B. Judgment in an amount equivalent to all late fees and interest as has accrued through and including the date that judgment is entered, pursuant to the terms of the Lease;

- C. Attorneys fees and related costs of litigation;

- D. Judgment in an amount equivalent to all utility and maintenance costs, and costs incurred in attempting to relet the Premises; and

- E. Any other relief that this court deems just and proper.

**ANSWER:** In answer to the unnumbered WHEREFORE Paragraph, R.J. Reynolds denies that Plaintiff is entitled to the relief therein requested or to any other relief from R.J. Reynolds.

## R.J. REYNOLDS' AFFIRMATIVE DEFENSES

For its Affirmative Defenses, and pursuant to Federal Rule of Civil Procedure 8(c), R.J. Reynolds incorporates into each of its affirmative defenses by reference, as if fully set forth herein the factual allegations set forth in its Answer, as well as each of the specific factual allegations set forth in the Counterclaim, which follows these Defenses

### AFFIRMATIVE DEFENSE NUMBER 1

Plaintiff's recovery is barred in whole or in part by the doctrine of laches. R.J. Reynolds, through a letter from its counsel, terminated the Lease on November 1, 2006 under Section 21 of the Lease because Plaintiff failed to tender possession of the Premises by September 15, 2006, as was its duty under the Lease. R.J. Reynolds made clear that its position was that no further rents were owed as it validly and legally terminated the Lease and all further obligations under it. Plaintiff, through a November 3, 2006 letter from its counsel, confirmed that it was aware of R.J. Reynolds' position with regard to the Lease. (Ex. 1) Despite being aware of R.J. Reynolds' termination of the Lease as early as November 3, 2006, Plaintiff did not file this action until December 14, 2007 -- more than a year after R.J. Reynolds' letter informing Plaintiff of its termination. This unnecessary delay and lack of diligence in prosecution of its alleged claims has materially prejudiced R.J. Reynolds.

### AFFIRMATIVE DEFENSE NUMBER 2

Plaintiff's recovery is barred in whole or in part because of Plaintiff's failure to mitigate damages. R.J. Reynolds, through a letter from its counsel, terminated the Lease on November 1, 2006 under Section 21 of the Lease because Plaintiff failed to tender possession of the Premises by September 15, 2006, as was its duty under the Lease. R.J. Reynolds made clear that its position was that no further rents were owed as it validly and legally terminated the Lease and all

9

further obligations under it.  Plaintiff, through a November 3, 2006 letter from its counsel, confirmed that it was aware of R.J. Reynolds' position with regard to the Lease.  On information and belief, despite being aware of R.J. Reynolds' position with respect to the Lease as early as November 3, 2006, Plaintiff failed to immediately seek to lease the Premises and thus failed to adequately mitigate damages.  This failure has materially prejudiced R.J. Reynolds.

### AFFIRMATIVE DEFENSE NUMBER 3

Plaintiffs recovery is barred in whole or in part by the doctrines of impossibility and impracticability of performance.  On June 22, 2006 R. J. Reynolds and F.A.Y. executed a store lease with a term of five years for the ground floor store premises of the building having the address 3155 North Broadway Avenue, Chicago, Illinois 60657.  Section 26 of the Lease details the insurance coverage that R. J. Reynolds was to purchase and maintain.  In discussions with F.A.Y., it became clear that F.A.Y. was demanding insurance coverage and certificates outside the normal practice of the insurance industry which made complying with F.A.Y.'s insurance demands commercially impossible and/or impracticable.  R. J. Reynolds complied with the insurance requirements to the extent commercially possible and or practicable.

**WHEREFORE,** R.J. Reynolds respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice and awarding the Defendants attorneys' fees and other such costs as deemed appropriate.

## COUNTERCLAIM

Defendants/Counterplaintiffs, R.J. REYNOLDS SMOKE SHOP, Inc. a Delaware corporation, of itself and doing business as MARSHALL MCGEARTY TOBACCO ARTISANS, and R.J. REYNOLDS TOBACCO COMPANY, a North Carolina corporation (collectively "R.J. Reynolds"), by and through its attorneys, KIRKLAND & ELLIS LLP, for their Counterclaim against Plaintiff/Counterdefendant F.A.Y. Properties (F.A.Y.), Inc, an Illinois corporation, states as follows:

1.  R.J. Reynolds entered into a lease for space to open a tobacco café in Chicago, paid rent under the lease for three months, but was never given possession of the Premises.

2.  On June 22, 2006 R.J. Reynolds and F.A.Y. executed a store lease with a term of five years for the ground floor store Premises of the building having the address 3155 North Broadway Avenue, Chicago, Illinois 60657 ("Lease").

3.  R.J. Reynolds executed the lease in order to open a café and retail store called Marshall McGearty Tobacco Artisans ("Marshall McGearty") in which customers would be able to purchase tobacco along with coffee, alcohol and limited food such as cheese plates.

4.  In preparation for the Marshall McGearty location on 3155 North Broadway, R.J. Reynolds expended much money and other resources to scout and choose that location, advertise its presence and generally plan for its opening.

5.  R.J. Reynolds fully complied, to the extent commercially reasonable, practicable or possible with its obligations under the lease, including its obligations to provide insurance coverage to F.A.Y.

6.  Despite R.J. Reynolds' compliance with its obligations under the Lease, F.A.Y. refused to tender possession of the Premises to R.J. Reynolds as was its duty under the Lease.

7.  Section 21 of the Lease specifically addresses situations where F.A.Y. neglected to tender possession of the Premises, and in pertinent part states:

> If [F.A.Y.] fails to tender possession of the Premises to [R.J. Reynolds] on or before September 15, 2006, [R.J. Reynolds] thereafter may terminate this lease by giving [F.A.Y.] notice of such termination before [F.A.Y.] tenders possession of the Premises to [R.J. Reynolds], whereupon [F.A.Y.] shall promptly refund the Base Rent for the first full month of the term hereof that [R.J. Reynolds] shall have pre-paid to [F.A.Y.].

8.  As of November 1, 2006, almost two months after the deadline in the Lease, F.A.Y. had still failed to tender possession of the Premises to R.J. Reynolds.

9.  Though F.A.Y. had not tendered possession of the Premises, R.J. Reynolds had paid the rent due under the rent for the months September, October and November, a total of $27,000.00.

10. On November 1, 2006, R.J. Reynolds, after not receiving possession of the Premises, terminated the Lease under Section 21 through a letter from its counsel to F.A.Y and requested all rents paid by R.J. Reynolds under the Lease be refunded. (Ex. 2)

11. F.A.Y. has not refunded any rent paid by R.J. Reynolds as was its duty under Section 21 of the Lease.

## COUNT I -- BREACH OF CONTRACT BY F.A.Y. PROPERTIES, INC.

12. R.J. Reynolds restates and realleges paragraphs 1-10 of this complaint as though fully set forth herein.

13. The Lease represents a valid contract between R.J. Reynolds and F.A.Y.

14. R.J. Reynolds performed all obligations required of it under the Lease.

15. F.A.Y. breached the contract by not tendering possession of the Premises known as the ground floor of 3155 North Broadway, Chicago, Illinois 60657.

16. F.A.Y. further breached the contract by not refunding rents paid by R.J. Reynolds under the Lease.

17. As a direct and proximate result of F.A.Y's breach of the Lease, R.J. Reynolds has experienced significant damages including the costs to find a location for, advertise and prepare to open Marshall McGearty, lost profits, lost rents, attorneys' fees as well as other

damages.

WHEREFORE, R.J. Reynolds respectfully requests an order of this Court:

  a.  Granting R.J. Reynolds damages;

  b.  Granting R.J. Reynolds interest;

  c.  Granting R.J. Reynolds attorneys' fees; and/or

  d.  Granting R.J. Reynolds such other relief as this Court deems just and appropriate.

Dated: February 14, 2008

        Respectfully submitted,


        /s/ Barack S. Echols
        Christopher J. Esbrook
        KIRKLAND & ELLIS LLP
        200 East Randolph Drive
        Chicago, Illinois 60601
        Telephone: 312-861-2000
        Facsimile: 312-861-2200

        *Attorneys for R.J. REYNOLDS SMOKE SHOP, Inc.*
        *a Delaware Corporation, of itself and doing*
        *business as MARSHALL MCGEARTY TOBACCO*
        *ARTISANS; and R.J. REYNOLDS TOBACCO*
        *COMPANY, a North Carolina corporation*

**CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys for R.J. Reynolds, R.J. REYNOLDS SMOKE SHOP, Inc. a Delaware Corporation, of itself and doing business as MARSHALL MCGEARTY TOBACCO ARTISANS; and R.J. REYNOLDS TOBACCO COMPANY, a North Carolina corporation certifies that he did cause a true and correct copy of the foregoing R.J. Reynolds Answer and Affirmative Defenses to Complaint and Counterclaim to be served by electronic-mail and United States Mail with postage prepaid on February 14, 2008 upon the following:

    Thomas E. Baltz
    GREY, GREY & BALTZ, P.C.
    Counsel for Plaintiff F.A.Y. Properties, Inc.
    11 South LaSalle, Ste. 1320
    Chicago, IL 60603


        /s/ Barack S. Echols