### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| F.A.Y. PROPERTIES, INC., an Illinois corporation | ) ) ) ) | |
| Plaintiff/Counterdefendant | ) ) | |
| v. | ) ) ) | Case No.  07 C 7045 |
| R.J. REYNOLDS SMOKE SHOP, INC., a Delaware Corporation, of itself and doing business as MARSHALL MCGEARTY TOBACCO ARTISANS; and R.J. REYNOLDS TOBACCO COMPANY, a North Carolina corporation | ) ) ) ) ) ) ) | |
| Defendants/Counterplaintiffs | ) | |

### REPLY TO COUNTERCLAIM

Plaintiff and counterdefendant, F.A.Y. Properties, Inc. ("F.A.Y. Properties"), by counsel, in reply to the counterclaim filed herein collectively by defendants and counterplaintiffs, R.J. Reynolds Smoke Shop, Inc., of itself and doing business as Marshall McGearty Tobacco Artisans ("R.J. Reynolds Smoke Shop"), and R.J. Reynolds Tobacco Company ("R.J. Reynolds Tobacco Company"), (counterplaintiffs collectively referred to in the counterclaim and herein as "R.J. Reynolds"), states as follows:

1.     R.J. Reynolds entered into a lease for space to open a tobacco café in Chicago, paid rent under the lease for three months, but was never given possession of the Premises.

**Answer:**     F.A.Y. denies that R.J. Reynolds Tobacco Company entered into a lease with F.A.Y. Properties to lease a space to open a tobacco café.  F.A.Y. Properties admits that

F.A.Y. Properties, as lessor ("Lessor"), entered into a retail store lease with R.J. Reynolds Smoke Shop, as lessee ("Lessee"), to open what could be fairly described as a "tobacco cafe." F.A.Y. Properties admits that R.J. Reynolds Smoke Shop paid base rent of $9,000 for each of the months of September, October and November of 2006, but denies that R.J. Reynolds Tobacco Company paid any rent.  F.A.Y. Properties admits that it never gave physical possession of the leased store premises ("Premises") having the address of 3155 N. Broadway Avenue in Chicago, Illinois to R.J. Reynolds Smoke Shop.  In further answering, F.A.Y. Properties denies that R.J. Reynolds Smoke Shop complied with all the requirements under the lease necessary for R.J. Reynolds Smoke Shop, as Lessee, to become entitled to physical possession of the Premises, including the condition precedent that Lessee furnish Lessor with evidence reasonably satisfactory to Lessor of Lessee's compliance with all of its insurance requirements under the lease.

2.     On June 22, 2006 R.J. Reynolds and F.A.Y. executed a store lease with a term of five years for the ground floor store Premises of the building having the address 3155 North Broadway Avenue, Chicago, Illinois 60657 ("Lease").

**Answer:**     F.A.Y. Properties denies that "R.J. Reynolds," as collectively defined, executed the Lease for the Premises having the address 3155 N. Broadway Avenue.  F.A.Y. Properties acknowledges the execution of the Lease attached as Exhibit 1 to the complaint herein, by and between F.A.Y. Properties and R.J. Reynolds Smoke Shop, a document that speaks for itself.  In further answering, F.A.Y. Properties admits that the Premises have the address of 3155 North Broadway Avenue, but further states that the building of which the Premises are only a part has the address 3155-63 North Broadway Avenue.

3.     R.J. Reynolds executed the lease (sic) in order to open a café and retail store called Marshall McGearty Tobacco Artisans ("Marshall McGearty") in which customers would be able to purchase tobacco along with coffee, alcohol and limited food such as cheese plates.

**Answer:**     F.A.Y. Properties denies that "R.J. Reynolds," as collectively defined, executed the Lease.  In further answering, F.A.Y. Properties acknowledges the execution of the Lease attached to the complaint herein by and between F.A.Y. Properties and R.J. Reynolds Smoke Shop, a document that speaks for itself.

4.     In preparation for the Marshall McGearty location on 3155 North Broadway, R.J. Reynolds expended much money and other resources to scout and choose that location, advertise its presence and generally plan for its opening.

**Answer:**     F.A.Y. Properties is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the counterclaim, and so denies the same.

5.     R.J. Reynolds fully complied, to the extent commercially reasonable, practicable or possible with its obligations under the lease (sic), including its obligations to provide insurance coverage to F.A.Y.

**Answer:**     F.A.Y. Properties denies the averments contained in paragraph 5 of the counterclaim.

6.     Despite R.J. Reynolds' compliance with its obligations under the Lease, F.A.Y. refused to tender possession of the Premises to R.J. Reynolds as was its duty under the Lease.

**Answer:**     F.A.Y. Properties denies that it failed or refused to tender possession of the Premises to R.J. Reynolds Smoke Shop under the terms of the Lease.  F.A.Y. Properties denies that R.J. Reynolds Smoke Shop complied with all the requirements under the Lease necessary for R.J. Reynolds Smoke Shop, as Lessee, to become entitled to physical possession of

the Premises, including the condition precedent that Lessee furnish Lessor with evidence reasonably satisfactory to Lessor of Lessee's compliance with all of its insurance requirements under the Lease.  In further answering, between June of 2006 and September of 2006, F.A.Y. Properties repeatedly gave agents and representatives of R.J. Reynolds Smoke Shop written notice that Lessor was prepared to give possession of the Premises to R.J. Reynolds Smoke Shop, as Lessee, once Lessee furnished evidence reasonably satisfactory to Lessor of Lessee's compliance with its insurance requirements under the Lease.  Inasmuch as reasonable evidence of Lessee's compliance with all of its insurance requirements under the Lease was never furnished by Lessee to Lessor, and the furnishing of such evidence to Lessor was otherwise a condition precedent to Lessee's right to possession, F.A.Y. Properties denies that it had a duty to give physical possession of the Premises to R.J. Reynolds Smoke Shop.  F.A.Y. Properties otherwise denies that R.J. Reynolds Tobacco Company was a party to the Lease.

    7.    Section 21 of the Lease specifically addresses situations where F.A.Y. neglected to tender possession of the Premises, and in pertinent part states:

> If [F.A.Y.] fails to tender possession of the Premises to [R.J. Reynolds] on or before September 15, 2006, [R.J. Reynolds] thereafter may terminate this lease by giving [F.A.Y.] notice of such termination before [F.A.Y.] tenders possession of the Premises to [R.J. Reynolds], whereupon [F.A.Y.] shall promptly refund the Base Rent for the first full month of the term hereof that [R.J. Reynolds] shall have pre-paid to [F.A.Y.].

    **Answer:**    F.A.Y. Properties denies that "R.J. Reynolds," as collectively defined, is the Lessee under the Lease, as is impliedly asserted several times in brackets.  F.A.Y. Properties otherwise denies that the above-quoted provision from Section 21 of the Lease is "pertinent" or meaningful, absent the context of the sentence immediately following the above-quoted language from Section 21 of the Lease, which next sentence of the Lease sets forth, among other things,

the condition precedent to Lessee's right to be given physical possession of the Premises, and states:

> For purposes of this lease, Lessor shall be deemed to have tendered possession of the Premises to Lessee upon … giving Lessee or a representative of Lessee written notice that Lessor is prepared to give possession of the Premises to Lessee; *provided*, *however*, that in any event, Lessor need not give Lessee physical possession of the Premises unless and until Lessee shall have furnished to Lessor evidence reasonably satisfactory to Lessor of Lessee's compliance with all of Lessee's insurance requirements hereunder.  (Emphasis in original.)

In further answering, F.A.Y. Properties restates its answer set forth in reply to paragraph 6 of the counterclaim as though fully set forth in answer to paragraph 7 of the counterclaim.

8.    As of November 1, 2006, almost two months after the deadline in the Lease, F.A.Y. had still failed to tender possession of the Premises to R.J. Reynolds.

**Answer:**    F.A.Y. Properties denies that it failed to tender possession of the Premises to Lessee under the terms of Section 21 of the Lease.  F.A.Y. Properties otherwise denies that it was subject to a deadline to tender physical possession of the Premises under Section 21 of the Lease, given Lessee's failure to comply with the condition precedent that Lessee furnish Lessor with evidence reasonably satisfactory to Lessor of Lessee's compliance with all of its insurance requirements under the Lease.  In further answering, F.A.Y. Properties restates its answer set forth in reply to paragraph 6 of the counterclaim as though fully set forth in answer to paragraph 8 of the counterclaim.

9.    Though F.A.Y. had not tendered possession of the Premises, R.J. Reynolds had paid the rent due under the rent (sic) for the months September, October and November, a total of $27,000.00.

**Answer:**    F.A.Y. Properties admits that it never gave physical possession of the Premises to R.J. Reynolds Smoke Shop, as Lessee.  F.A.Y. Properties denies that it failed to

tender possession of the Premises to Lessee under the terms of Section 21 of the Lease. In further answering, F.A.Y. Properties denies that an obligation on the part of Lessor to give physical possession of the Premises to Lessee ever arose, given Lessee's failure to perform the condition precedent, set forth in Section 21 of the Lease, of Lessee furnishing to Lessor reasonable evidence of its compliance with all of its insurance requirements under the Lease. F.A.Y. Properties admits that it received $9,000 of base rent under the Lease for each of the months of September, October and November of 2006, for a total sum received of $27,000.

10.     On November 1, 2006, R.J. Reynolds, after not receiving possession of the Premises, terminated the Lease under Section 21 through a letter from its counsel to F.A.Y and requested all rents paid by R.J. Reynolds under the Lease be refunded. (Ex. 2)

**Answer:**     F.A.Y. Properties admits that it received a letter dated November 1, 2006 on or about that same date from counsel representing each of the two defendants in this action, and that a copy of said letter is attached as Exhibit 2 to the complaint filed in this action. F.A.Y. Properties admits that said letter repudiated the Lease on behalf of R.J. Reynolds Smoke Shop, but denies that said letter terminated the Lease obligations of R.J. Reynolds Smoke Shop, as Lessee, or the obligations of R.J. Reynolds Tobacco Company, as guarantor of the Lease.

11.     F.A.Y. has not refunded any rent paid by R.J. Reynolds as was its duty under Section 21 of the Lease.

**Answer:**     F.A.Y. Properties admits that it has not refunded any rents paid under the Lease, but denies that it has any duty to do so.

12.     R.J. Reynolds restates and realleges paragraphs 1-10 of this complaint (sic) as though fully set forth herein.

**Answer:**     F.A.Y. Properties restates each of the answers set forth in this reply to paragraphs 1-10 of the counterclaim as though fully set forth herein.

13.     The Lease represents a valid contract between R.J. Reynolds and F.A.Y.

**Answer:**     F.A.Y. Properties admits that the Lease is a valid and enforceable contract by and between F.A.Y. Properties, as Lessor, and R.J. Reynolds Smoke Shop, as Lessee.  F.A.Y. Properties denies that R.J. Reynolds Tobacco Company is a party to the Lease.  F.A.Y. admits that in connection with the execution of the Lease, R.J. Reynolds Tobacco Company contemporaneously executed and delivered a valid and enforceable guaranty of Lessee's payment and performance under the Lease for the benefit of Lessor, and that such guaranty is attached to the Lease.

14.     R.J. Reynolds performed all obligations required of it under the Lease.

**Answer:**     F.A.Y. Properties denies the averments contained in paragraph 14 of the counterclaim.

15.     F.A.Y. breached the contract by not tendering possession of the Premises known as the ground floor of 3155 North Broadway, Chicago, Illinois 60657.

**Answer:**     F.A.Y. Properties denies the averments contained in paragraph 15 of the counterclaim.

16.     F.A.Y. further breached the contract by not refunding rents paid by R.J. Reynolds under the Lease.

**Answer:**     F.A.Y. Properties denies the averments contained in paragraph 16 of the counterclaim.

17.     As a direct and proximate result of F.A.Y's breach of the Lease, R.J. Reynolds has experienced significant damages including the costs to find a location for, advertise and

prepare to open Marshall McGearty, lost profits, lost rents, attorneys' fees as well as other damages.

**Answer:**      F.A.Y. Properties denies that it breached the Lease.  F.A.Y. Properties is without sufficient information to form an opinion as to the veracity of the remaining averments of paragraph 17 of the counterclaim, and so denies the same.

WHEREFORE, with regard to the counterclaim herein, counterdefendant F.A.Y. Properties, Inc. respectfully requests that this court enter judgment in its favor, and against counterplaintiffs, R.J. Reynolds Smoke Shop, Inc., of itself and doing business as Marshall McGearty Tobacco Artisans, and R.J. Reynolds Tobacco Company, and that this court award F.A.Y. Properties, Inc. its reasonable attorneys' fees incurred in defense of the counterclaim, in accordance with Section 15 of the Lease, jointly and severally against each of the two counterplaintiffs herein.

Respectfully submitted,


s/ Thomas E. Baltz
Thomas E. Baltz #623239
GREY, GREY & BALTZ, P.C
Counsel for Plaintiff F.A.Y. Properties, Inc.
11 South LaSalle, Ste. 1320
Chicago, IL 60603
(312) 782-2610

## <u>CERTIFICATE OF SERVICE</u>

       I, Thomas E. Baltz, an attorney, do hereby certify that a copy of the REPLY TO COUNTERCLAIM was served pursuant to Electronic Case Filing before the hour of 5:00 p.m., on this 5th day of March, 2008 upon:

Mr. Barack S. Echols
Mr. Christopher J. Esbrook
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

                                        s/ Thomas E. Baltz
                                        Thomas E. Baltz